# United States Tax Court

T.C. Memo. 2025-115

JOANNE G. ROSSO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 12344-15.                    Filed November 6, 2025.

————

Joanne G. Rosso, pro se.

*William Tyler Halasz*, *Adriana E. Vargas*, *Lesley A. Hale*, and *Patsy A. Clarke*, for respondent.

## MEMORANDUM OPINION

FOLEY, *Judge*: The parties submitted this case fully stipulated pursuant to Rule 122. After concessions, the sole issue for decision is whether petitioner may deduct certain legal expenses. Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

### *Background*

During 2012, petitioner, Joanne G. Rosso, was a party in numerous lawsuits. Petitioner hired Diane Deckard and Fenn Horton III to represent her in a real estate partition suit against Robert Bruce Pittman. Petitioner became unhappy with the representation she received from both Ms. Deckard and Mr. Horton. As a result, petitioner hired J. Byron Fleck to represent her in a malpractice action against

[*2] Mr. Horton (*Rosso v. Horton*). On July 1, 2008, petitioner filed the complaint in *Rosso v. Horton* in Santa Clara County Superior Court alleging breach of contract. The final judgment was issued for Mr. Horton on April 27, 2010. On November 12, 2010, petitioner sued Ms. Deckard for professional negligence and breach of contract in the Santa Clara County Superior Court. This matter was ordered to arbitration on June 5, 2012, and the arbitrator returned a decision in favor of Ms. Deckard on October 9, 2012.

On June 8, 2010, petitioner appealed the decision in *Rosso v. Horton* to the California Court of Appeals for the Sixth District and alleged that the "underlying action filed in Superior Court was for professional negligence and breach of contract and breach of fiduciary duty." On January 13, 2012, the California Court of Appeals for the Sixth District held for Mr. Horton. Petitioner filed a petition for rehearing on January 30, 2012, which was subsequently denied. Petitioner, on February 22, 2012, filed an appeal to the California Supreme Court, which was denied on March 28, 2012.

Petitioner's attorney-client relationship with Mr. Fleck, the attorney who represented her during *Rosso v. Horton*, began deteriorating in 2009. On October 8, 2010, petitioner filed a complaint for breach of contract against Mr. Fleck in the Santa Clara County Superior Court. A jury verdict was entered in favor of Mr. Fleck on December 3, 2012. On December 19, 2012, petitioner filed a motion for new trial, which was denied.

On Schedule A, Itemized Deductions, of her timely filed 2012 Form 1040, U.S. Individual Income Tax Return, petitioner reported $31,070 of Miscellaneous Deductions (i.e., $410 relating to tax preparation fees, $600 relating to telephone expenses, $1,575 relating to office and meals expenses, and $28,485 relating to legal expenses). In a Notice of Deficiency dated February 9, 2015, respondent disallowed $29,708 in Miscellaneous Deductions reported on Schedule A, determined a $5,388 deficiency, and proposed a $1,078 section 6662(a) accuracy-related penalty. Respondent subsequently conceded the accuracy-related penalty and the deductions relating to the tax preparation fees, telephone expenses, and office and meals expenses. Petitioner, while residing in California, timely filed her Petition with this Court.

**[\*3]**                                          *Discussion*

Petitioner claimed a $28,485 deduction relating to legal expenses but failed to submit sufficient documentation to substantiate $2,194 of these expenses. *See* § 6001; Rule 142(a); Treas. Reg. § 1.6001-1(a). She also failed to establish that the remaining $26,291 of litigation expenses relate to the production or collection of income. *See* §§ 212(1), 262(a); Rule 142(a); *United States v. Gilmore,* 372 U.S. 39, 46–49 (1963). Accordingly, respondent's disallowance of the deduction is sustained.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

*Decision will be entered under Rule 155.*